LYONS, Judge,
delivered the resolution of the court, as follows:
The court is of opinion, that this was not a case for relief in equity, upon any of the principles which have hitherto regulated new trials.
If Elliot and Roy had been his only witnesses, proper steps were not taken, by appellant, to procure their attendance. For the first was not summoned by him at all, and the subpoena for the other, instead of being delivered in due season to the sheriff, was sent, by a servant, to the witness himself, so late that it did not reach him until the day of appearance, and then at such a distance from the place of trial, that there was not the least probability that he could reach it in time.
The laches of the appellant, however, does not rest here; for he made no other preparation for the trial; but came on *to Richmond, without apprizing his counsel of what he had done with regard to those witnesses, and left the cause to its fate.
All this betrayed such gross negligence, that were the witnesses more material than they appear to be, there would be no ground for a court of equity to relieve the appellant against the consequences of his own carelessness and inattention.
Those witnesses, however, were not so important as the appellant’s counsel represents. For they prove the assault and the transactions which led to it much in the same manner that several other persons do; and all that the counsel contends for is, that some circumstances (of no great consequence) which they relate, might, possibly, have lessened the damages.
But, independent of the fact that the appellant, which the bill does not deny, might, in effect, have proved the same things by other witnesses, the damages were not excessive; and the court does not incline to weigh the quantum with scrupulous nicety, as the trial was fair, and the appellant had brought a cross action, upon the same testimony, for whipping the slave, and recovered vindictive damages, there being no actual loss of service sustained.
Besides no motion was made for a .continuance of the cause, but the parties voluntarily went to'trial without any surprize; for the testimony complained of in the bill was consented to, and even solicited by the appellant’s counsel.
After which, it would be an indulgence never before allowed, if a new trial were to be granted by a court of equity, when it had been twice refused by the judge who tried the cause; who was acquainted with all, that passed at the trial; and who decided, no doubt, upon the same representation, as the complainant went to Fredericksburg, and probably furnished the same excuses.
But it was said that the appellant was absent when the cause was called for trial; and therefore could not move for a continuance.
*His absence, however, was voluntary ; and his whole conduct, with respect to preparation for the trial, shewed the utmost unconcern about it.
If, under such circumstances, equity were to interfere, suits would be perpetual, and litigation would never be at an end.
The decree is to be affirmed.